IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                             CRIMINAL ACTION NO. 6:13-cr-00290

TOBY GERMAINE PERSON,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

On September 23, 2014, this Court entered a Memorandum Opinion and Order denying Defendant's motion to suppress evidence of criminal activity found inside a hotel room during a search conducted on August 4, 2013, and the fruits of that search. (ECF 33.) Defendant subsequently filed a "Motion Filed Out of Time and Memorandum of Law in Support of Defendant's Revised Request for a Franks Hearing and to Suppress Evidence" [ECF 46] and a "Third Motion to Suppress and Request for a Franks He[a]ring and [Mem]orandum in Support" [ECF 65], both of which seek to suppress the evidence that was the subject of the original Order on the basis of *Franks v. Delaware*, 438 U.S. 154 (1978). The Court construes these new motions as motions for reconsideration of the Order denying the initial motion to suppress.

The Federal Rules of Criminal Procedure do not address whether a party may move for reconsideration of a ruling, but courts generally assess such a motion using the standards applicable under Federal Rule of Civil Procedure 59(e). *See United States v.*

*Carroll*, No. 7:12–CR–57–F, 2012 WL 5350364, at *1 (E.D.N.C. Oct. 29, 2012) (collecting cases).[1] Rule 59(e) provides only that motions to alter or amend "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). However, the Fourth Circuit has recognized three grounds for granting such a motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotation marks omitted).

Defendant does not specifically address these standards in his briefs. Defendant has not argued that the controlling legal principles have changed since the Court's original Order, and Defendant has not any produced evidence that was not previously available. Thus, the Court has considered whether it committed a "clear error of law" in the original Order, or if the Court needs to change the original Order to prevent "manifest injustice." After considering Defendant's new arguments, the Court stands by its original decision.[2]

---

[1] *See also United States v. Williams*, No. 1:12-CR-00264-1, 2013 WL 1435199, at *5 (M.D.N.C. Apr. 9, 2013) (applying Rule 59(e) standards to motion to reconsider ruling on motion to suppress); *United States v. Muhammad*, No. CRIM. 2:08-1237-PMD, 2009 WL 3319810, at *1 (D.S.C. Oct. 14, 2009) (same); *United States v. James*, No. 06-20172-JWL, 2007 WL 1266718, at *1 (D. Kan. Apr. 30, 2007) (same); *United States v. Dickerson*, 971 F. Supp. 1023, 1024 (E.D. Va. 1997) (same).

[2] The Court does not find clear error or manifest injustice. Defendant challenges the warrant affidavit's omission of several alleged inconsistencies in the statements of two witnesses whose testimony formed the basis of the warrant affidavit's showing that evidence of a crime was likely to be found in the hotel room, and other information relevant to the relative reliability of the two witnesses.
    To be entitled to a *Franks* hearing, the defendant must make a "substantial" preliminary showing (1) that "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and (2) that "the allegedly false statement is necessary to the finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). To attack an affidavit based on omitted information, the defendant must show (1) that the omission is the product of a deliberate falsehood or of a reckless disregard for the truth, and (2) that inclusion of the omitted information in the affidavit would defeat probable cause. *United States v. Colkley*, 899 F.2d 297, 301–02 (4th Cir. 1990). Defendant asserts that "officers may not choose bits and pieces of an interview to put together, and choose to omit pieces that do not support that showing, to create a version sufficient for the magistrate to find

probable cause." (ECF 65 at 2.) The Defendant has not pointed to, and the Court has not found, any controlling law that suggests that an affiant has an affirmative duty to make the magistrate aware of all discrepancies between the stories of two witnesses whose statements are selectively reported in a warrant affidavit. On the other hand, the situation presented here is comparable to that in *Colkley*, in which the Fourth Circuit rejected a defendant's claim that a warrant affidavit was defective because, although it contained a composite description of the suspects based on eyewitness interviews, it failed to note that numerous witnesses failed to identify the defendant in a photographic spread, and because the height description was in disregard of the testimony of some witnesses. *Colkley*, 899 F.2d at 298–99. The Court found that there was no substantial preliminary showing that the affiant intended to mislead the magistrate. *Id.* at 299–300.

Here, Defendant has adduced no evidence that any facts were omitted from the affidavit with the intent to make the affidavit misleading, or in reckless disregard of whether the omission made the affidavit misleading, other than the fact of the omissions themselves. However, "[a]ll storytelling involves an element of selectivity," *Wilson v. Russo*, 212 F.3d 781, 787 (3d Cir. 2000), and, generally, "the fact of an omission, standing alone, is not sufficient to demonstrate intent or reckless disregard," *United States v. Shorter*, 328 F.3d 167, 171 (4th Cir. 2003). While the Fourth Circuit has left open the question of whether intent could be inferred from the omission of material that was "clearly critical" to the probable cause determination, *see id.* at n.2, the Court does not find that the omitted material was critical to the probable cause determination. Considering the "totality of the circumstances," *llinois v. Gates*, 462 U.S. 213, 230–31 (1983), while the information omitted from the warrant affidavit was "potentially relevant," *Colkley*, 899 F.2d at 301, it was not "such that its inclusion in the affidavit would defeat probable cause," *id.*, much less "clearly" so.

Defendant's arguments are somewhat ironic in that Defendant selectively points to information which may have cast some doubt on information included in the affidavit; yet the affidavit also omitted other pieces of information gleaned from the witnesses during the course of long face-to-face interviews with the police, which, if included, would have supported probable cause. Had the magistrate been provided with all of the information available to the affiant when the warrant affidavit was prepared, there is little doubt that she would have found probable cause. *See also United States v. Person*, No. 6:13-CR-00290, 2014 WL 4810305, at *7 (S.D.W. Va. Sept. 23, 2014) (noting, notwithstanding conflicts in the accounts of the two witnesses in this case, that there is "otherwise substantial evidence demonstrating the fair probability that drugs were to be found in room 210").

The initial motion to suppress was filed by Defendant's first attorney, who subsequently moved to withdraw as counsel, citing Defendant's belief "that his counsel was ineffective in raising and litigating his suppression motion." (ECF 34 at 1.) The first motion for reconsideration was filed by Defendant's second attorney, who subsequently moved to withdraw as counsel, citing the demands of a new job. (ECF 47 at 1.) Defendant's third attorney moved to withdraw as counsel soon after being appointed, citing "irreconcilable differences" stemming from Defendant's belief that "undersigned counsel will be ineffective in raising and relitigating his sup[p]ression motion and also in the trial of his case." (ECF 53 at 1.) The second motion for reconsideration was filed by Defendant's fourth and current attorney, who argued at the hearing on the instant motions for reconsideration that the Court's ruling on the initial motion to suppress should be revisited because prior counsel did not fully develop certain issues. The Court appreciates that later counsel are placed in the unenviable position of being constrained by the choices of prior counsel. However, it would be unwise policy to give defendants an incentive to file strategic motions for new counsel in order to get a second bite at the apple.

3

Therefore, the Court **DENIES** Defendant's motions for reconsideration of the Court's earlier ruling on Defendants' motion to suppress [ECF 46 and 65].

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, and the United States Probation Office.

ENTER: June 22, 2015

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE